together in one action. Defendant is entitled, if it deems it necessary, to examine each plaintiff with respect to matters that are relevant and material. The factual situation, particularly with respect to the affirmative defenses, may not be the same with respect to all plaintiffs. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ INGA DIDRICKSON et al., Respondents, v. M/S TAIWAN, Defendant and WILH. WHILHELMSEN, Appellant.— Orders unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ In the Matter of HERMAN STEINBERG, as Chairman of Furriers Joint Council of New York, Respondent, against MENDEL ROSENZWEIG FINE FURS, INC., Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the petitioner-respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ In the Matter of the Arbitration between RAPID-AMERICAN CORPORATION, Appellant, and MATTHEW B. J. QUINN, Respondent.— Order denying stay of arbitration unanimously reversed on the facts and on the law, with $20 costs and disbursements to the appellant, and the motion is granted, with $10 costs. As a matter of law, the contract of employment which contained the arbitration clause was a hiring at will. The relief sought by the respondent is damages flowing from his discharge. Since the dispute does not arise within the frame of the contract or any alleged breach thereof, but rather from the consequences of its termination, otherwise lawful under the written agreement by respondent's discharge, it is not arbitrable. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ EDNA F. LEMLE, Suing in the Right of FUR MERCHANTS WAREHOUSE CORPORATION and F. M. OPERATING CORP., Appellant, v. FUR MERCHANTS WAREHOUSE CORPORATION et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ ADAMS-MILLIS CORPORATION, Appellant, v. UNITED STATES HOSIERY CORPORATION, Defendant, and HAROLD CHELL & Co., LTD., Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ OLIN MATHIESON CHEMICAL CORPORATION, Appellant, v. LINDEMANN PHARMACY, INC., Respondent.— Order unanimously affirmed, without costs to either party. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ OLIN MATHIESON CHEMICAL CORPORATION, Appellant, v. LINDEMANN PHARMACY, INC., Respondent.— Order of December 18, 1958 unanimously reversed, on the law and on the facts, with $20 costs and disbursements to plaintiff-appellant, and the motion to punish defendant-respondent for contempt is granted, and the defendant-respondent is found guilty of contempt and fined the sum of $250. A further sum of $250 is assessed against defendant-respondent as a reasonable attorneys' fee in connection with the appeal from the order of December 18, 1958. We have two appeals from the denial of two separate motions to punish defendant-respondent for contempt for failure to obey an injunction order issued pursuant to section 369-a of the General Business Law. The order of August 14, 1958 denied the first application to hold defendant-respondent in contempt. In so doing, Special Term said "defendant is warned that it must not flout the order of this Court". We